# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTONIO T. WALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV419-110 |
| | ) | |
| EDWARD PHILBIN, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner's request for habeas relief is largely unintelligible, repeating *ad nauseam* the same allegation — indeed, the same paragraph — that a witness in an unidentified proceeding lied and seeking 25 trillion dollars and immediate release from custody for the affront. Doc. 11. Fortunately, an Offender Inquiry Search with the Georgia Department of Corrections revealed a Chatham County conviction and sentence. *See* doc. 14 at 2 (transferring petition to Savannah District), citing www.dcor.state.ga.us. The Chatham County Superior Court case portal further elucidated matters. *See* https://cmsportal.chathamcounty. org/Portal.

In January 2011 petitioner Antonio T. Walton pled guilty to felony rape and battery in Chatham County, Georgia. *See State v. Walton*,

No. CR08-1108 (Chatham Super. Ct.) (25-year sentence imposed and case disposed of January 10, 2011); *see also* doc. 11 at 13 (single reference to a 25-year sentence imposed on January 24, 2011).   Starting in the summer of 2017, Walton launched a litany of *pro se* letters at the state criminal court requesting copies of various records, perhaps for use in a collateral attack upon his conviction.   *See id.*   He did not, however, appeal or pursue state habeas relief.   *See* doc. 11.   Walton now petitions this Court for 28 U.S.C. § 2254 relief.   *Id.*   He also seeks leave to pursue his petition *in forma pauperis*.   Doc. 2.   Because he is indigent, Walton's motion to proceed *in forma pauperis* in this habeas case is **GRANTED**. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition should be **DISMISSED**.

Walton had to file for § 2254 relief within one year after the date his conviction became final.   28 U.S.C. § 2244(d)(1).[1]   That clock is stopped only by the pendency of a properly filed state collateral review proceeding.   28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236

---

[1]   That section provides for other events which trigger the one-year limitations period, but none apply here.   *See* 28 U.S.C. § 2244(d)(2)-(4).

at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

Walton's conviction became "final" either at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A); *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000). Judgment was entered in Chatham County Superior Court on January 10, 2011, and Walton did not file a direct appeal. Thus, his conviction became final on or about February 9, 2011. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after

entry of the appealable decision or judgment complained of[.]").  Walton thus had one year from the date his conviction became final -- until February 9, 2012 -- to file a timely federal habeas petition or toll the limitations period by seeking state collateral relief.    28 U.S.C. § 2244(d)(1)-(2); *Rich*, 512 F. App'x at 982-83.  He did neither.  This petition, filed seven years later, is untimely.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling."  *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition."  *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Walton, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing.  *See* doc. 11 (arguing, unaltered and in full, that his motion is timely because "by motion to suppress follow by motion for petitioner to be brought before a honerble federal court to determin wheather or not warden has legal rights to detain petitioner under legal law.").  There is no indication in his petition that he diligently

4

pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624.

Accordingly, Antonio Walton's § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

5

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  28th  day of May, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA